IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOSEPH LOCHALA                                                                                            PLAINTIFF

v.                                        Civil No. 1:15-cv-01061

SHERIFF DAVID JOHNSON;
BRAD STEWART; and
KRISTY HIGGINBOTHAM                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Joseph Lochala, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before me on Defendants' Motion to Dismiss. ECF No. 17. Plaintiff has not responded to the Motion to dismiss. The Motion is ready for decision.

## BACKGROUND

Plaintiff Joseph Lochala originally filed this case *pro se* on September 18, 2015 in the Eastern District of Arkansas. ECF No. 2. On September 21, 2015 the case was transferred to the Western District of Arkansas. ECF No. 3. Defendants filed their Answer on June 2, 2016. ECF No. 13.

Defendants state on June 2, 2016 they first served Interrogatories and Requests for Production on Plaintiff. The discovery requests were not returned as undeliverable. Plaintiff did not respond. On July 21, 2016 Defendants attempted to resolve this discovery dispute in good faith without court intervention and sent correspondence to Plaintiff requesting his past-due discovery responses within ten (10) days informing Plaintiff if he failed to respond a motion to

1

compel would be filed. The correspondence was not returned as undeliverable. Plaintiff again failed to respond. On September 8, 2016 Defendants filed a Motion to Compel. ECF No. 14. On September 15, 2016 this Court granted Defendants' Motion to Compel and ordered Plaintiff to provide Defendants with past due discovery responses no later than September 30, 2016. ECF No. 16. Plaintiff was advised failure to comply with the Order would result in the dismissal of his case.

Defendants have moved to dismiss this case because Plaintiff has not produced any discovery responses to Defendants despite this Court's order to do so. The Court also entered an Order to Plaintiff to show cause by October 28, 2016 (ECF No. 19) why he had failed to comply with the Court's Order to produce responses to Defendants' discovery requests. Plaintiff was again notified failure to comply with the Order would result in the Complaint becoming subject to summary dismissal for failure to obey an order of the Court. Plaintiff has not responded to the Order to Show Cause.

## APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

## DISCUSSION

Plaintiff has failed to comply with this Court's Order to produce discovery responses to Defendants. As a result, counsel for Defendants has been unable to conduct discovery. In addition, Plaintiff has failed to respond to this Court's Order to show cause. Accordingly, Plaintiff's Complaint should be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

## CONCLUSION

For the reasons stated, I recommend Defendants' Motion to Dismiss (ECF No. 17) be **GRANTED.** All claims against Defendants David Johnson, Brad Stewart, and Kristy Higginbotham should be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this** 1st **day of November, 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE